**IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA**

| | | |
|---|---|---|
| **ERIC FERRETTI**<br>901 Newgate Lane<br>Wilmington, DE 19808 | : | **CIVIL ACTION** |
| | : | |
| Plaintiff, | : | |
| | : | |
| vs. | : | |
| | : | |
| **NATIONAL RAILROAD PASSENGER** | : | |
| **CORPORATION (AMTRAK)** | : | **JURY TRIAL DEMANDED** |
| | : | |
| Defendant. | : | **NO.** |

## COMPLAINT

1.    The plaintiff herein is Eric Ferretti, a citizen and resident of the State of Delaware, residing therein at 901 Newgate Lane, Wilmington, Delaware 19808.

2.    This action arises under the Act of Congress, April 22, 1908, c. 149, 35 Stat. 65, and amendments thereto, U.S.C.A. Title 45, §51 et seq., and further amended by the Act of Congress, approved by the President of the United States on August 11, 1939, Chapter 685 - First Session of the 76th Congress, known and cited as "The Federal Employers' Liability Act".

3.    The defendant is a corporation duly organized and existing under and by virtue of the laws of the United States of America and regularly does business in the Eastern District of Pennsylvania.

4.    At the time and place hereinafter mentioned and for a long time prior thereto, the defendant, as a common carrier, operated trains carrying passengers, express packages, baggage and foreign and domestic mail, in commerce, between the different states of the United States and its territories.

1

5.    At the time and place hereinafter mentioned, the acts of omission and commission, causing the injuries to the plaintiff, were done by the defendant, its agents, servants, workmen and/or employees, acting in the course and scope of their employment with, and under the control of, the defendant.

6.    At the time and place hereinafter mentioned, the plaintiff and the defendant were engaged in interstate commerce between the different states of the United States and its territories.

7.    At all times material hereto, plaintiff was employed by defendant National Railroad Passenger Corporation as a car repairman.

8.    All of the property, equipment and operations involved in the incident herein referred to were owned by and under the control of the defendant, its agents, servants, workmen and/or employees.

9.    As a result of the incident herein referred to, plaintiff has suffered a loss of earnings and may suffer the same for an indefinite time in the future; has undergone physical pain and mental anguish and may undergo the same for an indefinite time in the future; may have to expend large sums of money in the future in an effort to effect a cure of his injuries, and was unable to attend to his usual duties and occupation for a period of time; all to his great detriment and loss.

10.    The incident was caused by the negligence of the defendant, its agents, servants, workmen and/or employees, and by the defendant's violation of "The Federal Employers' Liability Act" and was due in no manner whatsoever to any act or failure to act on the part of the plaintiff.

11.    On or about Thursday, March 12, 2026 at approximately 10:00 a.m., and for some time prior thereto, plaintiff was employed by defendant Amtrak as a car repairman and was assigned by his foreman James Monahan to work in the Tread Brake Department in the

defendant's Bear car shop in Bear, Delaware.

12.    Specifically, plaintiff was instructed to run certain brake truck components for railcars through an industrial washing machine which was broken and was not completely removing grease and other particles from the brake truck components.

13.    As a result of the lack of maintenance and repair on the industrial washing machine, residual grease was left on the brake truck components.

14.    As the plaintiff was lifting a 4.5 tread brake body weighing approximately 50 pounds, the component slipped and fell causing the permanent injuries as described below.

15.    As a result of the negligence of the defendant, its agents, servants, workmen, supervisors and/or employees, including, but not limited to, failing to properly maintain and repair the subject industrial washing machine so that it would remove grease and other particles from brake components; failing to properly inspect, maintain and repair the subject industrial washing machine; failing to prepare and implement a Job Safety Analysis for the work being assigned; and failing to warn the plaintiff of the aforesaid dangerous conditions; the plaintiff sustained a fracture and crush injury to the small finger of his left hand.

16.    As a result of the aforesaid incident, plaintiff sustained a serious and permanent injury to his small finger and left hand including, but not limited to, crush injury with resulting nerve damage to the small finger of the left hand, occult fracture to the small finger of the left hand with resulting permanent limitation of motion, dysfunction and residual deformity. Some or all of these injuries may be permanent.

**WHEREFORE**, plaintiff claims of the defendant, a sum not in excess of One Hundred Fifty Thousand Dollars ($150,000.00) and further requests that this matter be placed into federal arbitration.

Respectfully submitted,

**COFFEY KAYE MYERS & OLLEY**

Date:  July 28, 2026                     BY:  

MICHAEL J. OLLEY, ESQUIRE
Atty I.D. No.:  56118
Two Bala Plaza, Suite 718
Bala Cynwyd, PA 19004
Telephone:  610-668-9800
Facsimile:  610-667-3352
Attorney for Plaintiff Eric Ferretti

4